**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| | § | |
| NICOLE C. PETRILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | |
| TEVA PHARMACEUTICALS USA, INC. | § | |
| and TEVA SALES AND MARKETING, | § | No: 3:23-cv-00436-N |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Teva Pharmaceuticals USA, Inc. ("TUSA") and Teva Sales and Marketing, Inc. ("TSM") (collectively, "Teva" or "Defendant"),[1] by and through their undersigned legal counsel, hereby file this Answer and Affirmative Defenses in response to the Amended Complaint filed by Plaintiff, Nicole Petrila ("Plaintiff" or "Petrila"), according to the numbered paragraphs therein, as follows.

**NATURE OF THE ACTION**

1.       Paragraph 1 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 1 contains factual averments, they are denied.

2.       Paragraph 2 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 2 contains factual averments, they are denied.

---

[1] Plaintiff's actual employer at all times relevant to this action was TSM, which is a subsidiary corporation of TUSA. Defendant will continue to meet and confer in good faith with Plaintiff and intends to provide sufficient proof and evidence to substantiate the employer-employee relationship between Plaintiff and TSM and allow the parties to file a joint stipulation to dismiss TUSA as a defendant in this action.

08/11/2023 SL1 1943071v1 030421.00809

3.       Paragraph 3 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 3 contains factual averments, they are denied.

## JURISDICTION AND VENUE

4.       Paragraph 4 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 4 contains factual averments, they are denied.  However, and by way of further response, Defendant does not deny that this Court has subject matter jurisdiction over Plaintiff's claims raised under the Americans with Disabilities Act ("ADA").

5.       Admitted in part and denied in part.  Defendant denies the occurrence of any purported unlawful "events or omissions giving rise to this action."  Defendant admits only that the events at issue in this litigation substantially occurred within the vicinage of the United States District Court of the Northern District of Texas.  Defendant denies all remaining averments contained in Paragraph 5 as legal conclusions to which no answer is required.

6.       Paragraph 6 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 6 contains factual averments, they are denied.

## THE PARTIES

7.       Admitted in part, denied in part.  Defendant admits only that Plaintiff is a former TSM employee.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining factual averments contained in Paragraph 7; accordingly, they are denied.

8.       Denied as stated.  Defendant admits that at all times during Plaintiff's employment with TSM, TUSA has been a Delaware corporation that has employed at least 15 persons and has done business in places including the State of Texas.

2

9. Paragraph 9 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 9 contains factual averments, they are denied.

10. Paragraph 10 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 10 contains factual averments, they are denied.

11. Admitted in part, denied in part. Defendant admits only that TUSA is a Delaware corporation. Defendant denies all remaining factual averments contained in Paragraph 11.

12. Admitted.

13. Paragraph 13 contains no factual averments, much less legal conclusions; as a result, no response is required.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14. Admitted in part, denied in part. Defendant admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about April 21, 2022 alleging disability discrimination and retaliation. Defendant denies all remaining averments contained in Paragraph 14 as they set forth legal conclusions to which no answer is required.

15. Admitted in part, denied in part. Defendant admits only that Plaintiff filed her EEOC Charge within 180 days of her termination from employment with TSM on or about February 4, 2022. Defendant denies all remaining averments contained in Paragraph 15 as they set forth legal conclusions to which no answer is required.

16. Admitted.

17. Denied.

18. Paragraph 18 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 18 contains factual averments, they are denied.

08/11/2023 SL1 1943071v1 030421.00809

## FACTUAL ALLEGATIONS

19.    Admitted in part, denied in part.  Defendant admits only that Plaintiff was employed during certain timeframes with TUSA or an affiliate (*i.e.*, and most recently, TSM) in certain titles and at certain non-consecutive times between or about March 2001 and February 4, 2022, and that Plaintiff's most recent job title was Regional Account Manager, Oncology Associate Key Account Managers ("OAKAMs").  Defendant denies all remaining factual averments contained in Paragraph 19.

20.    Paragraph 20 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 20 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.

21.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 21; accordingly, they are denied.

22.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 22; accordingly, they are denied.

23.    Paragraph 23 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 23 contains factual averments, they are denied.

24.    Denied as stated.  Defendant admits that Plaintiff was employed during certain timeframes with TUSA or an affiliate (*i.e.*, and most recently, TSM) in certain titles and at certain non-consecutive times between or about March 2001 and February 4, 2022.

25.    Denied as stated.  Defendant admits that Plaintiff worked for TSM as an Oncology Associate Key Account Manager between or about March 2020 and September 2021.

4

26.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 26, which do not form a complete sentence and appear to be the result of a clerical error, and Defendant cannot surmise the intended meaning of these averments short of engaging in rank speculation; accordingly, they are denied.

27.    Denied as stated.  Defendant admits that in September 2021, Plaintiff was promoted to Regional Account Manager, OAKAMs.

28.    Denied as stated.  Defendant admits that in September 2021, Plaintiff was promoted to Regional Account Manager, OAKAMs.  By way of further response, Plaintiff still regularly came into in-person contact with Defendant's employees and third-party medical companies, hospitals, and healthcare workers.

29.    Admitted in part, denied in part.  Defendant admits only that on or about October 22, 2021, Defendant emailed field-based employees regarding Defendant's, CDC, state and local, and customer guidelines, including customer vaccination requirements.  The email is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 29.

30.    Denied as stated.  Defendant admits that on or about October 29, 2021, Plaintiff requested an accommodation in the form of an exemption from Defendant's COVID-19 vaccination requirements for field-based employees and that Plaintiff took it upon herself (unilaterally and outside the established interactive process) to send several pages of progress notes from a visit with her treating hematologist in October 2015 and a two-sentence letter from the same hematologist in April 2021.  Plaintiff's accommodation request and the treating

5

hematologist's progress notes and letter are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.

31.    Denied as stated.  Defendant admits that TSM required Plaintiff to a sign a medical record release authorization pursuant to the interactive process.  The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.

32.    The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.

33.    Paragraph 33 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 33 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 33.

34.    The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 34.

35.    The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 35.

36.    Paragraph 36 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 36 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  By way of further response, and

6

upon information and belief, Plaintiff's gender identity is and always has been female. Defendant denies all remaining factual averments contained in Paragraph 36.

37.    Paragraph 37 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 37 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 37.

38.    The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 38.

39.    Admitted in part, denied in part.  Defendant admits that on or about October 29, 2021, Plaintiff requested an accommodation in the form of an exemption from Defendant's COVID-19 vaccination requirements for field-based employees and that Plaintiff took it upon herself (unilaterally and outside the established interactive process) to send several pages of progress notes from a visit with her treating hematologist in October 2015 and a two-sentence letter from the same hematologist in April 2021.  Defendant also admits that TSM insisted Plaintiff sign a medical record release authorization pursuant to the interactive process and that Plaintiff refused to sign both the initial authorization presented to her and the revised and more narrowly tailored authorization presented to her on or about January 28, 2022.  Plaintiff's accommodation request, the treating hematologist's progress notes and letter, and the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 39.

40.     The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 40.

41.     The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 41.

42.     Paragraph 42 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 42 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining factual averments contained in Paragraph 42.

43.     Admitted in part, denied in part. Defendant admits only that TSM terminated Plaintiff's employment on February 4, 2022 because Plaintiff failed to engage in the interactive process since she refused to sign both the initial medical record release authorization presented to her and the revised and more narrowly tailored authorization presented to her on or about January 28, 2022. The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied. Defendant denies all remaining averments contained in Paragraph 43 as legal conclusions to which no answer is required.

44.     Denied.

45.     Paragraph 45 sets forth legal conclusions to which no answer is required, and the same are denied. To the extent that Paragraph 45 contains factual averments, they are denied.

## COUNT I: UNLAWFUL DISABILITY-RELATED INQUIRIES
## UNDER THE ADA

46.     Defendant incorporates by reference and restates its answers to the preceding paragraphs as if fully set forth herein.

47.     Admitted in part, denied in part.  Defendant admits only that TSM insisted Plaintiff sign a medical record release authorization pursuant to the interactive process and that Plaintiff refused to sign both the initial authorization presented to her and the revised and more narrowly tailored authorization presented to her on or about January 28, 2022.  The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining averments contained in Paragraph 47 as legal conclusions to which no answer is required.

48.     Paragraph 48 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 48 contains factual averments, they are denied.

49.     Paragraph 49 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 49 contains factual averments, they are denied.

50.     Paragraph 50 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 50 contains factual averments, they are denied.

51.     Paragraph 51 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 51 contains factual averments, they are denied.

52.     Paragraph 52 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 52 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 52.

08/11/2023 SL1 1943071v1 030421.00809

53.     Paragraph 53 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 53 contains factual averments, they are denied.

## COUNT II: RETALIATORY DISCHARGE
## IN VIOLATION OF THE ADA

54.     Defendant incorporates by reference and restates its answers to the preceding paragraphs as if fully set forth herein.

55.     Paragraph 55 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 55 contains factual averments, the medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 55.

56.     Paragraph 56 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 56 contains factual averments, they are denied.

57.     Denied.

58.     Paragraph 58 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 58 contains factual averments, they are denied.

59.     Paragraph 59 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 59 contains factual averments, they are denied.

## COUNT III: UNLAWFUL INTERFERENCE AND COERCION
## IN VIOLATION OF THE ADA

60.     Defendant incorporates by reference and restates its answers to the preceding paragraphs as if fully set forth herein.

61.     Paragraph 61 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 61 contains factual averments, they are denied.

08/11/2023 SL1 1943071v1 030421.00809

62.     Admitted in part, denied in part.  Defendant admits only that TSM insisted Plaintiff sign a medical record release authorization pursuant to the interactive process and that Plaintiff refused to sign both the initial authorization presented to her and the revised and more narrowly tailored authorization presented to her on or about January 28, 2022.  The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining averments contained in Paragraph 62 as legal conclusions to which no answer is required.

63.     Paragraph 63 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 63 contains factual averments, they are denied.

64.     Paragraph 64 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 64 contains factual averments, they are denied.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF THE TCHRA

65.     Defendant incorporates by reference and restates its answers to the preceding paragraphs as if fully set forth herein.

66.     Paragraph 66 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 66 contains factual averments, they are denied.

67.     Paragraph 67 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 67 contains factual averments, they are denied.

68.     Paragraph 68 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 68 contains factual averments, they are denied.

69.     Paragraph 69 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 69 contains factual averments, they are denied.

70.    Paragraph 70 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 70 contains factual averments, they are denied.

71.    Paragraph 71 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 71 contains factual averments, they are denied.

72.    Paragraph 72 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 72 contains factual averments, they are denied.

73.    Paragraph 73 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 73 contains factual averments, they are denied.

74.    Paragraph 74 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 74 contains factual averments, they are denied.

75.    Paragraph 75 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 75 contains factual averments, they are denied.

76.    Paragraph 76 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 76 contains factual averments, they are denied. By way of further response, Plaintiff never sought an accommodation for any alleged sincerely held religious beliefs at any time relevant to this litigation.

77.    Paragraph 77 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 77 contains factual averments, they are denied. By way of further response, Plaintiff never sought an accommodation for any alleged sincerely held religious beliefs at any time relevant to this litigation.

78.    Paragraph 78 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 78 contains factual averments, they are denied.

12

By way of further response, Plaintiff never sought an accommodation for any alleged sincerely held religious beliefs at any time relevant to this litigation.

79.     Paragraph 79 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 79 contains factual averments, they are denied.  By way of further response, Plaintiff never sought an accommodation for any alleged sincerely held religious beliefs at any time relevant to this litigation.

80.     Paragraph 80 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 80 contains factual averments, they are denied.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF TEXAS COMMON LAW

81.     Defendant incorporates by reference and restates its answers to the preceding paragraphs as if fully set forth herein.

82.     Paragraph 82, including subparagraphs 82(a)-(i), sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 82, including subparagraphs 82(a)-(i), contains factual averments, they are admitted in part and denied in part. Defendant admits only that TSM terminated Plaintiff's employment on February 4, 2022 because Plaintiff failed to engage in the interactive process since she refused to sign both the initial medical record release authorization presented to her and the revised and more narrowly tailored authorization presented to her on or about January 28, 2022.  The medical record release authorizations are written documents that speak for themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.  Defendant denies all remaining factual averments contained in Paragraph 82, including subparagraphs 82(a)-(i).

83.     Paragraph 83 sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that Paragraph 83 contains factual averments, they are denied.

13

**AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      There is no cognizable cause of action for "Unlawful Disability-Related Inquiries" under the ADA.

3.      There is no cognizable cause of action for "Unlawful Interference and Coercion" under the ADA.

4.      Plaintiff failed to exhaust her administrative remedies with respect to any claims of religious discrimination under the TCHRA or any other statute.

5.      Defendant and its representatives and agents acted in a lawful, legitimate non-discriminatory and non-retaliatory manner at all times relevant to this action.

6.      Plaintiff suffered no damages, or in the alternative, any damages suffered by Plaintiff were not proximately caused by Defendant.

7.      If Plaintiff suffered any damages, which is denied, Plaintiff may have failed to mitigate such damages.

8.      Plaintiff is not entitled to punitive damages based on any claim.

9.      To the extent that the Complaint seeks punitive damages, it violates Defendant's rights under the state and federal constitutions, including, but not limited to, rights to due process, equal protection and the right to protection from excessive fines.

10.     Punitive damages are barred as a result of the policies of Defendant.

11.     Plaintiff's damages, if any, were or may have been caused by her own actions and/or inactions.

12.     Plaintiff's damages, if any, were or may have been caused by actions and/or omissions of those over whom Defendant had no control or right of control.

08/11/2023 SL1 1943071v1 030421.00809

13.     Liability, if any, is or may be barred by the intervening and/or superseding fault of Plaintiff.

14.     Liability, if any, is or may be barred by intervening and/or superseding cause.

15.     The losses and injuries alleged to have been sustained by Plaintiff were or may have been caused by the sole fault of Plaintiff and/or of those over whom Defendant had no control nor right of control.

16.     Plaintiff may have committed misconduct that limits any relief available to her.

17.     Punitive damages may not vicariously be imposed on Defendant.

18.     At all times relevant to this suit, Defendant's actions were in good faith with regard to Plaintiff and reasonable grounds existed for believing that its actions were not in violation of any law.

19.     Some or all of Plaintiff's claims are barred under the principles of employer liability and affirmative defenses as set forth by the Supreme Court in Burlington Industries v. Ellerth, 524 U.S. 742 (1998) and Faragher  v. City of Boca Raton, 524 U.S. 806 (1998).

20.     Plaintiff was not, as a matter of law, a qualified individual with a disability.

21.     At all times relevant to this suit, Defendant engaged in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged disabilities.

22.     Plaintiff did not engage in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged disabilities.

23.     Plaintiff's rights, if any, are or may be limited or barred by election of remedies.

24.     Defendant expressly reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

25.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

WHEREFORE, Defendant demands judgment in its favor:

(i) Dismissing the Complaint with prejudice;

(ii) Awarding Defendant its costs, disbursements, and reasonable attorney's fees; and

(iii) Awarding Defendant such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief sets forth legal conclusions to which no answer is required, and the same are denied.  To the extent that the prayer for relief contains factual averments, they are denied.  To the extent that a response to the prayer for relief is nonetheless deemed required, Defendant denies that it is liable or indebted to Plaintiff for pecuniary and non-economic injuries including loss of wages, the denial of promotional opportunity, loss of benefits, humiliation, embarrassment, unnecessary pain and suffering, medical expenses, attorney's fees, costs associated with this action, or any other relief.

By way of further answer, Defendant demands judgment in its favor:

(i) Dismissing the Complaint with prejudice;

(ii) Awarding Defendant its costs, disbursements, and reasonable attorney's fees; and

(iii) Awarding Defendant such other and further relief as the Court deems just and proper.

08/11/2023 SL1 1943071v1 030421.00809

Respectfully submitted,

Dated: August 11, 2023

*/s/ Larry J. Rappoport*
STEVENS & LEE
Larry J. Rappoport, Esq.
(admitted *pro hac vice*)
Alexander V. Batoff, Esq.
(admitted *pro hac vice*)
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102
Tel: 215-496-3839
Fax: 610-371-7977
larry.rappoport@stevenslee.com

KESSLER COLLINS
Daniel P. Callahan, Esq.
State Bar No. 03648700
500 N. Akard Street, Suite 3700
Dallas, TX 75201
o: 214-379-0735
f: 214-373-4714
dcallahan@kesslercollins.com
*Attorneys for Defendants,*
*Teva Pharmaceuticals USA, Inc.*
*and Teva Sales and Marketing, Inc.*

17

## CERTIFICATE OF SERVICE

I, Larry J. Rappoport, Esq., hereby certify that on this 11th day of August, 2023, a copy of the foregoing Answer and Affirmative Defenses in Response to Plaintiff's Complaint was served via CM/ECF filing on the following counsel of record:

THE WOODALL LAW FIRM, PLLC
J. Daniel Woodall, Esq.
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone: 281/892-1040
Facsimile: 281/305-3892
dan@woodalllawfirm.com

LAW OFFICE OF MICHAEL A. YODER
Michael A. Yoder, Esq.*
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
(571) 234-5594
michael@yoderesq.com
*pro hac vice forthcoming

*Counsel for Plaintiff,*
*Nicole Petrila*


/s/ Larry J. Rappoport
Larry J. Rappoport

18